IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FCCI INSURANCE COMPANY                                                    PLAINTIFF

V.                                              3:25CV00024 JM

CHARLES WATKINS COMPANY
LLC, CORBIN ALLEN CONTRACTORS
LLC, CHARLES WATKINS AND
JENNY WATKINS                                                            DEFENDANTS

## ORDER

Pending is Plaintiff FCCI Insurance Company's ("FCCI") motion for summary judgment

and a motion for extension of time to respond to the motion filed by Defendants Charles Watkins

and Jenny Watkins ("the Watkins").[1] For the reasons stated below, the motion for summary

judgment is granted.

Both Charles Watkins and Jenny Watkins failed to respond to FCCI's Request for

Admissions served upon them on February 4, 2026. *See* Fed. R.Civ. P. 36(a)(3). Therefore, the

Requests for Admissions are deemed admitted. *See* Fed. R.Civ. P. 36(b). Further, the Watkins

failed to respond to the motion for summary judgment. The Court ordered the Watkins to show

cause why they failed to respond. The Watkins filed a motion for extension of time without

providing any reason for the failure to respond timely. Therefore, the request for extension is

denied.

---

[1] The motion for extension of time states that it is also filed by Defendants Charles Watkins Company LLC and Corbin Allen Contractors. However, Charles Watkins Company LLC and Corbin Allen Contractors are in default. (Doc. No. 10). These defendants did not file an answer to the Complaint within the time required by the Federal Rules of Civil Procedure. Further, neither Charles Watkins nor Jenny Watkins are attorneys of record for Charles Watkins Company LLC and Corbin Allen Contractors. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-202 (1993) (citations omitted).

I.      Facts

The following facts are undisputed:

1.  Watkins LLC executed the General Indemnity Agreement (Contract Bonds) ("GIA") attached as Exhibit "A" to the Complaint (Doc. No. 1).

2.  Charles Watkins executed the GIA.

3.  Jenny Watkins executed the GIA.

4.  Corbin Allen executed the GIA.

5.  FCCI executed and delivered Arkansas Performance and Payment Bond No. 8003119 attached to the Complaint as Exhibit "B". (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

6.  Watkins LLC is indebted to Hedger Brothers in the amount of $17,421.22 ("Hedger Debt") for material used to construct a construction project generally described as "Construction of three (3) New Duplex Units, one Duplex at 2706/2708 Harrison Avenue, one Duplex at 2800/2802 Harrison Avenue, and one Duplex at 2817/2819 Harrison Avenue in Wil-Mor Homes (AR 024-001)" ("WMHA Project").

7.  Watkins LLC did not pay the Hedger Debt.

8.  The Hedger Debt is compensable pursuant to the terms of Arkansas Performance and Payment Bond No. 8003119 attached as Exhibit "B" to the Complaint ("WMHA Bond").

9.  Watkins LLC was put on notice of FCCI's intention to pay the Hedger Debt pursuant to the terms of the WMHA Bond.

10. Watkins LLC authorized FCCI to pay the Hedger Debt pursuant to the terms of the WMHA Bond.

11. Watkins LLC did not object to FCCI's payment of the Hedger Debt pursuant to the terms of the WMHA Bond.

12. FCCI paid Hedger Brothers $17,421.22 pursuant to the terms of the WMHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

13. FCCI's payment of the Hedger Debt discharged Watkins LLC's indebtedness to Hedger Brothers for materials supplied to the WMHA Project.

14. As a result of FCCI's payment of the Hedger Debt, Watkins LLC is indebted to FCCI in the amount of $17,421.22 pursuant to the terms of the GIA. *Id.*

15. As a result of FCCI's payment of the Hedger Debt, Charles Watkins is indebted to FCCI in the amount of $17,421.22 pursuant to the terms of the GIA. *Id.*

16. As a result of FCCI's payment of the Hedger Debt, Jenny Watkins is indebted to FCCI in the amount of $17,421.22 pursuant to the terms of the GIA. *Id.*

17. As a result of FCCI's payment of the Hedger Debt, Corbin Allen is indebted to FCCI in the amount of $17,421.22 pursuant to the terms of the GIA. *Id.*

18. Watkins LLC is indebted to Barton's of West Memphis in the amount of $2,565.92 for material used to construct the WMHA Project ("Barton Debt").

19. Watkins LLC did not pay the Barton Debt.

20. The Barton Debt is compensable pursuant to the terms of the WMHA Bond.

21. Watkins LLC was put on notice of FCCI's intention to pay the Barton Debt pursuant to the terms of the WMHA Bond.

22. Watkins LLC authorized FCCI to pay the Barton Debt pursuant to the terms of the WMHA Bond.

23. Watkins LLC did not object to FCCI's payment of the Barton Debt pursuant to the terms of the WMHA Bond.

24. FCCI paid Barton's of West Memphis $2,565.92 pursuant to the terms of the WMHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

25. FCCI's payment of the Barton Debt discharged Watkins LLC's indebtedness to Barton's of West Memphis for materials supplied to the WMHA Project.

26. As a result of FCCI's payment of the Barton Debt, Watkins LLC is indebted to FCCI in the amount of $2,565.92 pursuant to the terms of the GIA. *Id.*

27. As a result of FCCI's payment of the Barton Debt, Charles Watkins is indebted to FCCI in the amount of $2,565.92 pursuant to the terms of the GIA. *Id.*

28. As a result of FCCI's payment of the Barton Debt, Jenny Watkins is indebted to FCCI in the amount of $2,565.92 pursuant to the terms of the GIA. *Id.*

29. As a result of FCCI's payment of the Barton Debt, Corbin Allen is indebted to FCCI in the amount of $2,565.92 pursuant to the terms of the GIA. *Id.*

30. Watkins LLC is indebted to Geotechnology LLC in the amount of $591.00 for labor used to construct the WMHA Project ("Geotechnology/WMHA Debt").

31. Watkins LLC did not pay the Geotechnology/WMHA Debt.

32. The Geotechnology/WMHA Debt is compensable pursuant to the terms of the WMHA Bond.

33. Watkins LLC was put on notice of FCCI's intention to pay the Geotechnology/WMHA Debt pursuant to the terms of the WMHA Bond.

34. Watkins LLC authorized FCCI to pay the Geotechnology/WMHA Debt pursuant to the terms of the WMHA Bond.

35. Watkins LLC did not object to FCCI's payment of the Geotechnology/WMHA Debt pursuant to the terms of the WMHA Bond.

36. FCCI paid Geotechnology LLC $591.00 pursuant to the terms of the WMHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

37. FCCI's payment of the Geotechnology/WMHA Debt discharged Watkins LLC's indebtedness to Geotechnology LLC for labor supplied to the WMHA Project.

38. As a result of FCCI's payment of the Geotechnology/WMHA Debt, Watkins LLC is indebted to FCCI in the amount of $591.00 pursuant to the terms of the GIA.[1]

39. As a result of FCCI's payment of the Geotechnology/WMHA Debt, Charles Watkins is indebted to FCCI in the amount of $591.00 pursuant to the terms of the GIA.[2]

40. As a result of FCCI's payment of the Geotechnology/WMHA Debt, Jenny Watkins is indebted to FCCI in the amount of $591.00 pursuant to the terms of the GIA.[3]

41. As a result of FCCI's payment of the Geotechnology/WMHA Debt, Corbin Allen is indebted to FCCI in the amount of $591.00 pursuant to the terms of the GIA.[4]

42. Watkins LLC is indebted to BKB Plumbing LLC in the amount of $30,300.00 for labor and material used to construct the WMHA Project ("BKB Debt").

43. Watkins LLC did not pay the BKB Debt.

44. The BKB Debt is compensable pursuant to the terms of the WMHA Bond.

---

[2] Requests for Admissions #34-#37, which are the basis of paragraphs 39-42 of the Statement of Material Uncontested Facts, include a typographical error. As confirmed in Request for Admission #27 (paragraph 31 of the Statement of Material Uncontested Facts), the correct amount is $591.00, not $951.00.

[3] Requests for Admissions #34-#37, which are the basis of paragraphs 39-42 of the Statement of Material Uncontested Facts, include a typographical error. As confirmed in Request for Admission #27 (paragraph 31 of the Statement of Material Uncontested Facts), the correct amount is $591.00, not $951.00.

[4] Requests for Admissions #34-#37, which are the basis of paragraphs 39-42 of the Statement of Material Uncontested Facts, include a typographical error. As confirmed in Request for Admission #27 (paragraph 31 of the Statement of Material Uncontested Facts), the correct amount is $591.00, not $951.00.

45. Watkins LLC was put on notice of FCCI's intention to pay the BKB Debt pursuant to the terms of the WMHA Bond.

46. Watkins LLC authorized FCCI to pay the BKB Debt pursuant to the terms of the WMHA Bond.

47. Watkins LLC did not object to FCCI's payment of the BKB Debt pursuant to the terms of the WMHA Bond.

48. FCCI paid BKB Plumbing LLC $30,300.00 pursuant to the terms of the WMHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

49. FCCI's payment of the BKB Debt discharged Watkins LLC's indebtedness to BKB Plumbing LLC for labor and materials supplied to the WMHA Project.

50. As a result of FCCI's payment of the BKB Debt, Watkins LLC is indebted to FCCI in the amount of $30,300.00 pursuant to the terms of the GIA. *Id.*

51. As a result of FCCI's payment of the BKB Debt, Charles Watkins is indebted to FCCI in the amount of $30,300.00 pursuant to the terms of the GIA. *Id.*

52. As a result of FCCI's payment of the BKB Debt, Jenny Watkins is indebted to FCCI in the amount of $30,300.00 pursuant to the terms of the GIA. *Id.*

53. As a result of FCCI's payment of the BKB Debt, Corbin Allen is indebted to FCCI in the amount of $30,300.00 pursuant to the terms of the GIA. *Id.*

54. FCCI executed and delivered Arkansas Performance Bond and Payment Bond No. 8003386 attached to the Complaint as Exhibit "C". *Id.*

55. Watkins LLC is indebted to Southern States Roofing Supply, Inc. in the amount of $31,678.88 ("Southern States Debt") for material used to construct a construction

project generally described as "New Multipurpose Building - The Carter Center; Job No. CFP 2022" ("OHA Project").

56. Watkins LLC did not pay the Southern States Debt.

57. The Southern States Debt is compensable pursuant to the terms of Arkansas Performance Bond and Payment Bond No. 8003386 attached as Exhibit "C" to the Complaint ("OHA Bond").

58. Watkins LLC was put on notice of FCCI's intention to pay the Southern States Debt pursuant to the terms of the OHA Bond.

59. Watkins LLC authorized FCCI to pay the Southern States Debt pursuant to the terms of the OHA Bond.

60. Watkins LLC did not object to FCCI's payment of the Southern States Debt pursuant to the terms of the OHA Bond.

61. FCCI paid Southern States Roofing Supply, Inc. $31,678.88 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

62. FCCI's payment of the Southern States Debt discharged Watkins LLC's indebtedness to Southern States Roofing Supply, Inc. for materials supplied to the OHA Project.

63. As a result of FCCI's payment of the Southern States Debt, Watkins LLC is indebted to FCCI in the amount of $31,678.88 pursuant to the terms of the GIA. *Id.*

64. As a result of FCCI's payment of the Southern States Debt, Charles Watkins is indebted to FCCI in the amount of $31,678.88 pursuant to the terms of the GIA. *Id.*

65. As a result of FCCI's payment of the Southern States Debt, Jenny Watkins is indebted to FCCI in the amount of $31,678.88 pursuant to the terms of the GIA. *Id.*

66. As a result of FCCI's payment of the Southern States Debt, Corbin Allen is indebted to FCCI in the amount of $31,678.88 pursuant to the terms of the GIA. *Id.*

67. Watkins LLC is indebted to Ditta Enterprises, Inc. in the amount of $42,035.00 for material used to construct the OHA Project ("Ditta Debt").

68. Watkins LLC did not pay the Ditta Debt.

69. The Ditta Debt is compensable pursuant to the terms of the OHA Bond.

70. Watkins LLC was put on notice of FCCI's intention to pay the Ditta Debt pursuant to the terms of the OHA Bond.

71. Watkins LLC authorized FCCI to pay the Ditta Debt pursuant to the terms of the OHA Bond.

72. Watkins LLC did not object to FCCI's payment of the Ditta Debt pursuant to the terms of the OHA Bond.

73. FCCI paid Ditta Enterprises, Inc. $42,035.00 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

74. FCCI's payment of the Ditta Debt discharged Watson LLC's indebtedness to Ditta Enterprises, Inc. for materials supplied to the OHA Project.

75. As a result of FCCI's payment of the Ditta Debt, Watkins LLC is indebted to FCCI in the amount of $42,035.00 pursuant to the terms of the GIA. *Id.*

76. As a result of FCCI's payment of the Ditta Debt, Charles Watkins is indebted to FCCI in the amount of $42,035.00 pursuant to the terms of the GIA. *Id.*

77. As a result of FCCI's payment of the Ditta Debt, Jenny Watkins is indebted to FCCI in the amount of $42,035.00 pursuant to the terms of the GIA. *Id.*

8

78. As a result of FCCI's payment of the Ditta Debt, Corbin Allen is indebted to FCCI in the amount of $42,035.00 pursuant to the terms of the GIA. *Id.*

79. Watkins LLC is indebted to Cooper Electric, Inc. in the amount of $8,436.36 for labor and material used to construct the OHA Project ("Cooper Debt").

80. Watkins LLC did not pay the Cooper Debt.

81. The Cooper Debt is compensable pursuant to the terms of the OHA Bond.

82. Watkins LLC was put on notice of FCCI's intention to pay the Cooper Debt pursuant to the terms of the OHA Bond.

83. Watkins LLC authorized FCCI to pay the Cooper Debt pursuant to the terms of the OHA Bond.

84. Watkins LLC did not object to FCCI's payment of the Cooper Debt pursuant to the terms of the OHA Bond.

85. FCCI paid Cooper Electric, Inc. $8,436.36 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

86. FCCI's payment of the Cooper Debt discharged Watkins LLC's indebtedness to Cooper Electric, Inc. for labor and materials supplied to the OHA Project.

87. As a result of FCCI's payment of the Cooper Debt, Watkins LLC is indebted to FCCI in the amount of $8,436.36 pursuant to the terms of the GIA. *Id.*

88. As a result of FCCI's payment of the Cooper Debt, Charles Watkins is indebted to FCCI in the amount of $8,436.36 pursuant to the terms of the GIA. *Id.*

89. As a result of FCCI's payment of the Cooper Debt, Jenny Watkins is indebted to FCCI in the amount of $8,436.36 pursuant to the terms of the GIA. *Id.*

9

90. As a result of FCCI's payment of the Cooper Debt, Corbin Allen is indebted to FCCI in the amount of $8,436.36 pursuant to the terms of the GIA. *Id.*

91. for labor and material used to construct the OHA Project ("Emmert Debt").

92. Watkins LLC did not pay the Emmert Debt.

93. The Emmert Debt is compensable pursuant to the terms of the OHA Bond.

94. Watkins LLC was put on notice of FCCI's intention to pay the Emmert Debt pursuant to the terms of the OHA Bond.

95. Watkins LLC authorized FCCI to pay the Emmert Debt pursuant to the terms of the OHA Bond.

96. Watkins LLC did not object to FCCI's payment of the Emmert Debt pursuant to the terms of the OHA Bond.

97. FCCI paid Emmert Heating & Air, LLC $19,337.00 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

98. FCCI's payment of the Emmert Debt discharged Watkins LLC's indebtedness to Emmert Heating & Air, LLC for labor and materials supplied to the OHA Project.

99. As a result of FCCI's payment of the Emmert Debt, Watkins LLC is indebted to FCCI in the amount of $19,337.00 pursuant to the terms of the GIA. *Id.*

100. As a result of FCCI's payment of the Emmert Debt, Charles Watkins is indebted to FCCI in the amount of $19,337.00 pursuant to the terms of the GIA. *Id.*

101. As a result of FCCI's payment of the Emmert Debt, Jenny Watkins is indebted to FCCI in the amount of $19,337.00 pursuant to the terms of the GIA. *Id.*

102. As a result of FCCI's payment of the Emmert Debt, Corbin Allen is indebted to FCCI in the amount of $19,337.00 pursuant to the terms of the GIA. *Id.*

103.   Watkins LLC is indebted to Geotechnology LLC in the amount of $2,685.50 for labor used to construct the OHA Project ("Geotechnology/OHA Debt").

104.   Watkins LLC did not pay the Geotechnology/OHA Debt.

105.   The Geotechnology/OHA Debt is compensable pursuant to the terms of the OHA Bond.

106.   Watkins LLC was put on notice of FCCI's intention to pay the Geotechnology/OHA Debt pursuant to the terms of the OHA Bond.

107.   Watkins LLC authorized FCCI to pay the Geotechnology/OHA Debt pursuant to the terms of the OHA Bond.

108.   Watkins LLC did not object to FCCI's payment of the Geotechnology/OHA Debt pursuant to the terms of the OHA Bond.

109.   FCCI paid Geotechnology LLC $2,685.50 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

110.   FCCI's payment of the Geotechnology/OHA Debt discharged Watkins LLC's indebtedness to Geotechnology LLC for labor supplied to the OHA Project.

111.   As a result of FCCI's payment of the Geotechnology/OHA Debt, Watkins LLC is indebted to FCCI in the amount of $2,685.50 pursuant to the terms of the GIA. *Id.*

112.   As a result of FCCI's payment of the Geotechnology/OHA Debt, Charles Watkins is indebted to FCCI in the amount of $2,685.50 pursuant to the terms of the GIA. *Id.*

113.   As a result of FCCI's payment of the Geotechnology/OHA Debt, Jenny Watkins is indebted to FCCI in the amount of $2,685.50 pursuant to the terms of the GIA. *Id.*

114.   As a result of FCCI's payment of the Geotechnology/OHA Debt, Corbin Allen is indebted to FCCI in the amount of $2,685.50 pursuant to the terms of the GIA. *Id.*

115. Watkins LLC is indebted to United Rentals in the amount of $5,921.64 for equipment used to construct the OHA Project ("United Rentals Debt").

116. Watkins LLC did not pay the United Rentals Debt.

117. The United Rentals Debt is compensable pursuant to the terms of the OHA Bond.

118. Watkins LLC was put on notice of FCCI's intention to pay the United Rentals Debt pursuant to the terms of the OHA Bond.

119. Watkins LLC authorized FCCI to pay the United Rentals Debt pursuant to the terms of the OHA Bond.

120. Watkins LLC did not object to FCCI's payment of the United Rentals Debt pursuant to the terms of the OHA Bond.

121. FCCI paid United Rentals $5,921.64 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

122. FCCI's payment of the United Rentals Debt discharged Watkins LLC's indebtedness to United Rentals for equipment supplied to the OHA Project.

123. As a result of FCCI's payment of the United Rentals Debt, Watkins LLC is indebted to FCCI in the amount of $5,921.64 pursuant to the terms of the GIA. *Id.*

124. As a result of FCCI's payment of the United Rentals Debt, Charles Watkins is indebted to FCCI in the amount of $5,921.64 pursuant to the terms of the GIA. *Id.*

125. As a result of FCCI's payment of the United Rentals Debt, Jenny Watkins is indebted to FCCI in the amount of $5,921.64 pursuant to the terms of the GIA. *Id.*

126. As a result of FCCI's payment of the United Rentals Debt, Corbin Allen is indebted to FCCI in the amount of $5,921.64 pursuant to the terms of the GIA. *Id.*

127.   Watkins LLC is indebted to Fountain Plumbing Co. in the amount of $3,133.32 for labor and material used to construct the OHA Project ("Fountain Debt").

128.   Watkins LLC did not pay the Fountain Debt.

129.   The Fountain Debt is compensable pursuant to the terms of the OHA Bond.

130.   Watkins LLC was put on notice of FCCI's intention to pay the Fountain Debt pursuant to the terms of the OHA Bond.

131.   Watkins LLC authorized FCCI to pay the Fountain Debt pursuant to the terms of the OHA Bond.

132.   Watkins LLC did not object to FCCI's payment of the Fountain Debt pursuant to the terms of the OHA Bond.

133.   FCCI paid Fountain Plumbing Co. $3,133.32 pursuant to the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

134.   FCCI's payment of the Fountain Debt discharged Watkins LLC's indebtedness to Fountain Plumbing Co. for labor and materials supplied to the OHA Project.

135.   As a result of FCCI's payment of the Fountain Debt, Watkins LLC is indebted to FCCI in the amount of $3,133.32 pursuant to the terms of the GIA. *Id.*

136.   As a result of FCCI's payment of the Fountain Debt, Charles Watkins is indebted to FCCI in the amount of $3,133.32 pursuant to the terms of the GIA. *Id.*

137.   As a result of FCCI's payment of the Fountain Debt, Jenny Watkins is indebted to FCCI in the amount of $3,133.32 pursuant to the terms of the GIA. *Id.*

138.   As a result of FCCI's payment of the Fountain Debt, Corbin Allen is indebted to FCCI in the amount of $3,133.32 pursuant to the terms of the GIA. *Id.*

139.  Osceola Housing Authority declared Watkins LLC in default of its contract to construct the OHA Project and made demand upon FCCI to complete the project pursuant to the terms of the OHA Bond.

140.  Watkins LLC signed the Declaration of Default attached to the Requests for Admissions Propounded to Separate Defendant, Charles Watkins, and the Requests for Admissions Propounded to Separate Defendant, Jenny Watkins, as Exhibit "A" ("OHA Declaration").

141.  FCCI arranged for the completion of the OHA Project in accordance with the OHA Declaration and the terms of the OHA Bond. (Aff. of Melinda Hopson, Doc. No. 18 at 70-77).

142.  On or about October 15, 2024, FCCI paid the City of Osceola Housing Authority $128,072.00 to settle and satisfy the City of Osceola Housing Authority's claims against Watkins LLC and the OHA Bond. *Id.*

143.  FCCI's payment to the City of Osceola Housing Authority in the amount of $128,072.00 discharged Watkins LLC's obligations to Osceola Housing Authority in connection with the OHA Project.

144.  The actions of FCCI, and the amount paid by FCCI, to settle and satisfy the claims of the City of Osceola Housing Authority against FCCI and Watkins LLC were reasonable, necessary and in good faith. *Id.*

145.  As a result of FCCI's payment to the City of Osceola Housing Authority, Watkins LLC is indebted to FCCI in the amount of $128,072.00 pursuant to the terms of the GIA. *Id.*

14

146.    As a result of FCCI's payment to the City of Osceola Housing Authority, Charles

Watkins is indebted to FCCI in the amount of $128,072.00 pursuant to the terms of

the GIA. *Id.*

147.    As a result of FCCI's payment to the City of Osceola Housing Authority, Jenny

Watkins is indebted to FCCI in the amount of $128,072.00 pursuant to the terms of

the GIA. *Id.*

148.    As a result of FCCI's payment to the City of Osceola Housing Authority, Corbin

Allen is indebted to FCCI in the amount of $128,072.00 pursuant to the terms of the

GIA. *Id.*

149.    West Memphis Housing Authority declared Watkins LLC in default of its contract

to construct the WMHA Project and made demand upon FCCI to complete the project

pursuant to the terms of the WMHA Bond.

150.    Watkins LLC signed the Declaration of Default attached to the Requests for

Admissions Propounded to Separate Defendant, Charles Watkins, and the Requests

for Admissions Propounded to Separate Defendant, Jenny Watkins, as Exhibit "B"

("WMHA Declaration").

151.    FCCI arranged for the completion of the WMHA Project in accordance with the

WMHA Declaration and the terms of the WMHA Bond. (Aff. of Melinda Hopson,

Doc. No. 18 at 70-77).

152.    On or about October 25, 2024, FCCI paid West Memphis Housing Authority

$406,861.50 to settle and satisfy West Memphis Housing Authority's claims against

Watkins LLC and the WMHA Bond. *Id.*

153.    FCCI's payment to West Memphis Housing Authority in the amount of $406,861.50 discharged Watkins LLC's obligations to West Memphis Housing Authority in connection with the WMHA Project.

154.    The actions of FCCI, and the amount paid by FCCI, to settle and satisfy the claims of West Memphis Housing Authority against FCCI and Watkins LLC were reasonable, necessary and in good faith. *Id.*

155.    As a result of FCCI's payment to West Memphis Housing Authority, Watkins LLC is indebted to FCCI in the amount of $406,861.50 pursuant to the terms of the GIA. *Id.*

156.    As a result of FCCI's payment to the West Memphis Housing Authority, Charles Watkins is indebted to FCCI in the amount of $406,861.50 pursuant to the terms of the GIA. *Id.*

157.    As a result of FCCI's payment to West Memphis Housing Authority, Jenny Watkins is indebted to FCCI in the amount of $406,861.50 pursuant to the terms of the GIA. *Id.*

158.    As a result of FCCI's payment to West Memphis Housing Authority, Corbin Allen is indebted to FCCI in the amount of $406,861.50 pursuant to the terms of the GIA. *Id.*

159.    It was reasonable and necessary for FCCI to hire Brownlee & Mann Consulting, LLC to assist and advise FCCI and Watkins LLC in connection with claims asserted against the OHA Bond and the WMHA Bond. *Id.*

160. It was reasonable and necessary for FCCI to retain legal counsel to assist and advise it in connection with claims asserted against the OHA Bond and the WMHA Bond. *Id.*

161. FCCI incurred expert and consulting fees, attorney's fees and other related expenses totaling $40,461.57 in connection with its investigation, defense and adjustment of claims against the OHA Bond and the WMHA Bond. *Id.*

162. The expenses incurred by FCCI as described in paragraph 159, supra., were reasonable and necessary and incurred in good faith. *Id.*

163. Pursuant to the terms of the GIA, Watkins LLC is indebted to FCCI in the amount of $40,461.57 to reimburse FCCI for reasonable and necessary expenses incurred in connection with FCCI's investigation, defense and adjustment of claims against Watkins LLC, the OHA Bond and the WMHA Bond. *Id.*

164. Pursuant to the terms of the GIA, Charles Watkins is indebted to FCCI in the amount of $40,461.57 to reimburse FCCI for reasonable and necessary expenses incurred in connection with FCCI's investigation, defense and adjustment of claims against Watkins LLC, the OHA Bond and the WMHA Bond. *Id.*

165. Pursuant to the terms of the GIA, Jenny Watkins is indebted to FCCI in the amount of $40,461.57 to reimburse FCCI for reasonable and necessary expenses incurred in connection with FCCI's investigation, defense and adjustment of claims against Watkins LLC, the OHA Bond and the WMHA Bond. *Id.*

166. Pursuant to the terms of the *G*IA, Corbin Allen is indebted to FCCI in the amount of $40,461.57 to reimburse FCCI for reasonable and necessary expenses incurred in

connection with FCCI's investigation, defense and adjustment of claims against

Watkins LLC, the OHA Bond and the WMHA Bond. *Id.*

167.    FCCI has incurred costs in connection with this action in the amount of

$1,005.00. *Id.*

II.    Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining
> whether there is a need for trial -- whether, in other words, there
> are genuine factual issues that properly can be resolved only by a
> finder of fact because they may reasonably be resolved in favor of
> either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*,   [to] point out to the District Court,   that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent s burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that

18

burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d

268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only

disputes over facts that may affect the outcome of the suit under governing law

will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at

248.

III.  Analysis

Paragraph IV(A) of the GIA states that Separate Defendants Charles Watkins, Jenny

Watkins, and Watkins LLC

> … agree to exonerate, indemnify, keep indemnified, and save harmless Surety from and against any and all demands, liabilities, loss, costs, penalties, obligations, interest, damages or expenses of whatever nature or kind, as well as fees of attorneys, engineering and any other outside consulting or expert fees, and all other expenses, costs and fees incurred:
>
> 1. by reason of being requested to execute or procure the execution of any Bond;
> 2. by having executed or procured the execution of any Bond;
> 3. by reason of any claim, demand, notice, action, lawsuit or cause of whatsoever kind or nature made, asserted or threatened against Surety and in any way related to a Bond;
> 4. investigating claims or potential claims and adjusting claims;
> 5. procuring or attempting to procure the discharge of Bonds;

> Paragraph IV(D) of the GIA provides as follows:

> "In any claim or suit hereunder and in any and all matters arising between [Defendants] and Surety, an itemized statement of the aforesaid loss and expense, sworn to through affidavit or otherwise by a representative of Surety, or the vouchers or other evidence (including copies of checks or printouts from Surety's internal records) of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of [Defendants]."

In this case, FCCI has suffered losses in the amount of $739,130.87.  FCCI's

19

losses are indisputably recoverable according to the plain unambiguous language of Section IV(A) of the GIA.  As required by Section IV(D) of the GIA, FCCI has attached a sworn and itemized statement of its losses as Exhibit "2" to its Motion for Summary Judgment (Doc. No. 18) to establish its prima facie claim. FCCI has presented prima facie proof of the joint and several liability of Separate Defendants Charles Watkins and Jenny Watkins in the amount of $739,130.87 in accordance with the terms of the GIA.

IV. Conclusion

The motion for summary judgment (Doc. No. 18) is GRANTED as to Separate Defendants Charles Watkins and Jenny Watkins.[5] The Watkins's motion for extension of time to respond (Doc. No. 30) is DENIED. Jenny Watkins's motion to dismiss (Doc. No. 33) is DENIED for the reasons stated above.

IT IS SO ORDERED this 21st day of May, 2026.

_____
James M. Moody Jr.
United States District Judge

---

[5] A motion for default judgment pursuant to Rule 55(b)(2) as to Charles Watkins Company LLC and Corbin Allen Contractors LLC will be needed to close the case because FCCI's motion for clerk's default (Doc. No. 9) did not include an affidavit showing the amount due from the defaulting defendants. *See* Fed. R.Civ. P. 55(b)(1). The motion should include documentation showing the amount due.