IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FCCI INSURANCE COMPANY                                         PLAINTIFF

V.                              3:25CV00024 JM

CHARLES WATKINS COMPANY
LLC, CORBIN ALLEN CONTRACTORS
LLC, CHARLES WATKINS AND
JENNY WATKINS                                                  DEFENDANTS

## ORDER

Pending are Plaintiff's motions for default judgment against Charles Watkins Company

LLC ("Watkins") and Corbin Allen Contractors LLC ("Allen"), and a motion for attorney's fees,

pre-judgment interest and post-judgment interest.

A Clerk's Default was entered against Watkins and Corbin on April 10, 2025 (Doc.

No.10) after both defendants failed to file an answer or other responsive pleading to the

complaint. With respect to damages, a hearing is not necessary. The amounts due are

ascertainable from definite figures, facts, and evidence provided by Plaintiff, including an

affidavit from Melinda Hopson, Senior Surety Claim Adjuster for FCCI, certifying Plaintiff's

damages to be $739, 130.87 as of May 28, 2026.  (Doc. No. 36 at 3, Doc. No. 37 at 3).

Prejudgment interest is recoverable in all cases where there is a method of determination

of the value of the claim at the time of injury. *Lovell v. Marianna Fed. Sav. & Loan Ass'n,* 589

S.W.2d 577 (1979). As stated, the value of the claim since December 2, 2024, is ascertainable by

addition of the indemnity claims which Plaintiff paid on behalf of Watkins and Corbin, including

all reasonable and necessary costs to make such distributions. (Doc. No. 36).  Pursuant to Ark.

Code Ann. § 16-65-114(a)(1)(A), Plaintiff is entitled to prejudgment interest in the amount

provided in the contract at issue, 10% per annum. Ten percent per annum accrues on $739,130.87

at the rate of $202.50 per diem. There are 582 days between December 2, 2024 and July 7, 2026. Prejudgment interest on Plaintiff's claim of $117,855.00 will be included in Plaintiff's judgment.

Regarding post-judgment interest, Eight Circuit precedent is clear that the federal post-judgment interest statute applies. Title 28 of the United States Code, Section 1961, calls for post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The applicable post-judgment interest rate in this case is 3.98% per annum.

Regarding attorneys' fees, Plaintiff has requested $8,525.00. A fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably spent multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys;  (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."

*Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

The Court finds Mr. Grace's hourly rate of $250.00 to be reasonable. The rate is consistent with the market rate in Little Rock for an attorney with the background and experience of Mr. Grace. Considering the amount of time Plaintiff's counsel spent on discovery and the inherent difficulty working with opposing counsel who is pro se, the Court finds the number of hours billed by Plaintiff's attorneys to be reasonable.

The Court finds an award of $8,525.00 to be the appropriate lodestar amount. After careful review, the Court finds Plaintiff is entitled to $8,525.00 in attorney's fees and $1,005.00 in expenses for the filing fee and service of Defendants for a total of $9,530.00.

For these reasons, Plaintiff's motion for attorney's fees, pre-judgment interest and post-judgment interest (Doc. No. 39) and motions for default judgment (Doc. Nos. 36 and 37) are GRANTED.

IT IS SO ORDERED this 7th day of July, 2026.

James M. Moody Jr
United States District Judge